IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| TED LAWRENCE ROBERTSON, § | |
| TDCJ-CID # 1175868, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | CIVIL ACTION NO. H-03-3681 |
| § | (CONSOLIDATED WITH NO. H-05-1028) |
| DOUG DRETKE, § | |
| § | |
| Respondent. § | |

**MEMORANDUM OPINION AND ORDER**

Ted Lawrence Robertson, an inmate of the Texas Department of Criminal Justice - Criminal Institutions Division (TDCJ-CID), has filed a federal petition for a writ of habeas under 28 U.S.C. § 2254 challenging a state felony conviction. The respondent has filed a motion to consolidate this action with another habeas proceeding challenging the same conviction. *Robertson v. Dretke*, No. H-05-1028 (S.D. Tex.). The respondent has also filed a motion to dismiss for failure to exhaust state court remedies. After considering the pleadings and the records, the petition will be dismissed for the reasons stated below.

**I. Procedural History**

Robertson was charged with violating a Family Violence Protective Order issued by the 312th [Family] District Court of Harris County, Texas, on August 15, 2001. No. 2001-35725. After waiving his right to counsel, Robertson pleaded not guilty to the charge and the enhancement paragraphs. His case was heard by a jury who found him guilty and assessed punishment at 25 years imprisonment. *State v. Robertson*, No. 940376 (174th Dist. Ct. Harris County, Tex., June 10, 2003). Robertson filed an appeal in which he raised the following points of error:

    (1)    The evidence was legally and factually insufficient to support the conviction because the State did not establish that Robertson threatened the complainant with imminent bodily harm; and

    (2)    The evidence was legally and factually insufficient to support the conviction because the State did not establish that Robertson used or exhibited a deadly weapon.

*Robertson v. State*, No. 01-03-00633-CR, 2004 WL 3017047 at *1 (Tex. App. – Houston [1st Dist.] Dec. 30, 2004).

The Court of Appeals for the First District of Texas overruled Robertson's points of error and affirmed his conviction. *Id*. at *5. The Texas Court of Criminal Appeals subsequently denied Robertson's petition for discretionary review (PDR) on June 15, 2005. *Robertson v. State*, No. 346-05.

Robertson filed two state habeas applications during the pendency of his direct appeal. Both were dismissed because the appeal was still pending in the courts. *Ex parte Robertson,* No. 29,520-05 (Tex. Crim. App. Feb. 25, 2004); *Ex parte Robertson,* No. 29,520-04 (Tex. Crim. App. Dec. 10, 2003).

Robertson also filed several federal petitions for writs of habeas corpus, including the present action, challenging the same conviction. One was dismissed for failure to exhaust state court remedies. *Robertson v. Johnson*, No. H-04-0850 (S.D. Tex. July 12, 2004). There is a motion to dismiss for failure to exhaust state court remedies in the other present action, *Robertson v. Dretke*, No. H-05-1028, as well as in this action.[1]

---

[1] Robertson's pleadings in each of the cases are vague, confusing, and misleading, which has made it extremely difficult for the court to cross-reference the actions and determine whether they concern the same criminal proceedings. It did not become evident that H-05-1028 and H-03-3681 concerned the same conviction until the respondent filed an answer and submitted records. As is evident from the procedural history, Robertson has proven to be an impatient and vexatious litigant.

## II. Robertson's Claims for Relief

Robertson raises the following claims in this action:

1. Robertson was denied the right to appeal;

2. Robertson was denied due process and equal protection because he was never served with notice of the Protective Order against him;

3. The trial court which issued the Protective Order lacked jurisdiction to enter the Order; and

4. The Protective Order is invalid.

Petition (Docket Entry No. 1) at 7-8.

Robertson raises the following claims in the other pending action filed in H-05-1028:

1. Robertson was denied due process and equal protection because false evidence was admitted at trial, the prosecutor withheld evidence, and the judge was "constitutionally unacceptable" by preventing Robertson from presenting a defense and by denying him a fair trial;

2. Robertson was denied the right to compulsory process by preventing him from presenting favorable witnesses;

3. Robertson was denied the right to appeal by being deprived of effective counsel and an adequate record; and

4. Robertson is actually innocent of the charge.

*Robertson v. Dretke*, No. H-05-1028, Petition (Docket Entry No. 1) at 7-8.

## III. Exhaustion

Under 28 U.S.C. § 2254, a habeas petitioner challenging the validity of his incarceration must exhaust available state remedies before seeking relief in the federal courts. *Nobles v. Johnson*, 127 F.3d 409, 419-420 (5th Cir. 1997). The substance of the claims must have been presented to the state's highest court. *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998). The exhaustion requirement is based in part on the principle of comity in which the states have the first opportunity

to address and correct alleged violations of a state prisoner's federal rights before consideration by the federal courts.  *Coleman v. Thompson*, 111 S.Ct. 2546, 2555 (1991).

It is not enough that a petitioner has "been through the state courts" without a ruling on the claims presented.  *Picard v. Connor*, 92 S.Ct. 509, 512 (1971).  The federal claims must have been fairly presented to the Texas Court of Criminal Appeals either on direct review of the conviction by PDR, or in a post-conviction attack by state application for a writ of habeas corpus.  *Myers v. Collins*, 919 F.2d 1074, 1076 (5th Cir. 1990), *citing Richardson v. Procunier*, 762 F.2d 429, 431-32 (5th Cir. 1985).

If the petitioner has exhausted some, but not all, of the claims raised in his federal habeas corpus petition, the court must dismiss the petition because it is mixed.  *Rose v. Lundy*, 102 S.Ct. 1198, 1205 (1982); *Murphy v. Johnson*, 110 F.3d 10, 11 (5th Cir. 1997).  Before bringing any habeas corpus claims to federal court, the petitioner must first take each one to state court.  *Rose*, 102 S.Ct. at 1204.  This is required so that all exhausted claims will be presented to the federal courts in one petition.  *Id*.

In the present action, Robertson has only presented a challenge to the sufficiency of the evidence on direct appeal which was ultimately rejected on PDR.  Other challenges have not been exhausted.  Robertson contends that he has complied with the exhaustion requirement by filing state habeas applications.  However, these applications were dismissed because they were improperly filed and the Texas courts were denied a fair opportunity to rule on the issues.  *See Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999).

Robertson has demonstrated his impatience with the state and federal court systems.  However, he not given them a fair opportunity to review his claims.  *See id*.; *Deters v. Collins*, 985

4

F.2d 789, 795-96 (5th Cir. 1993). Moreover, Robertson has contributed to his difficulties by filing multiple actions which more often than not were improperly filed because Robertson refused to wait for the courts to issue a decision. Since Robertson's conviction has only recently become final, he now has the opportunity to properly present his remaining claims in a post-conviction state application for a writ of habeas corpus. *See* TEX. CODE CRIM. PRO. art. 11.07. Robertson must give the state courts a chance to address the issues before he presents them in federal court. *Alexander v. Johnson*, 163 F.3d 906, 908-09 (5th Cir. 1998), *citing Rose*, 102 S.Ct. at 1199. Therefore, the motion to dismiss (Docket Entry No. 17) will be granted, and this federal habeas petition will be dismissed without prejudice. *Id*.

### IV. Motion to Consolidate

The respondent has filed a motion to consolidate No. H-05-1028 with the present action. Having determined that both actions involve the same convictions and are dismissible for the same reasons, the court will grant the motion to consolidate (Docket Entry No. 26) and will dismiss the claims raised in H-05-1028 for failure to exhaust state court remedies. *See* FED. R. CIV. P. 42.

### V. Certificate of Appealability

Should Robertson file a notice of appeal, this court **DENIES** the issuance of a certificate of appealability for the reasons stated in this Memorandum Opinion and Order. 28 U.S.C. § 2253; *Murphy v. Johnson*, 110 F.3d 10, 11 (5th Cir. 1997) (habeas petition which contained both exhausted and unexhausted claims was not entitled to certificate of appealability).

## VI. <u>Conclusion</u>

The court **ORDERS** the following:

1. The respondent's Motion to Consolidate (Docket Entry No. 26) is **GRANTED**.

2. Civil Action No. H-05-1028 shall be administratively **CLOSED** and all pending motions in that action are **MOOT**.

3. The respondent's Motion to Dismiss for Failure to Exhaust State Court Remedies (Docket Entry No. 17) is **GRANTED**.

4. All claims filed in this action (including claims filed in No. H-05-1028) are **DISMISSED** without prejudice for failure to exhaust available state court remedies.

5. The petitioner's Motion for Summary Judgment (Docket Entry No. 19), Motion for Discovery (Docket Entry No. 18), and Motion for Court Ruling (Docket Entry No. 21) are **DENIED** as **MOOT**.

6. A Certificate of Appealability is **DENIED**.

7. The Clerk will provide a copy of this Memorandum Opinion and Order to the parties and will further file a copy of this Memorandum Opinion and Order with Civil Action No. H-05-1028.

**SIGNED** on this 31st day of August, 2005.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE